# UNITED STATES BANKRUPTCY COURT

## WESTERN DISTRICT OF WASHINGTON - TACOMA DIVISION

| | |
|---|---|
| In re<br><br>WERNER E. KLEE AND KATHLEEN J KLEE<br><br>Debtor(s). | 09-49455-BDL<br><br>Chapter 11<br><br>**STIPULATION RE: TREATMENT OF DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE UNDER THE POOLING AND SERVICING AGREEMENT RELATING TO IMPAC SECURED ASSETS CORP., MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2003-3 'S CLAIM UNDER DEBTOR'S PROPOSED CHAPTER 11 PLAN OF REORGANIZATION** |

This Stipulation is entered into by and between Secured Creditor, DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE UNDER THE POOLING AND SERVICING

- 1 -

AGREEMENT RELATING TO IMPAC SECURED ASSETS CORP., MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2003-3 ("Creditor"), by and through its attorneys of record, and Werner E. Klee and Kathleen J Klee, the Debtors and Debtors-In-Possession herein (the "Debtors"), by and through their attorneys of record.

The property which is the subject of this matter is commonly known as 116 Alder Ridge Road, Curtis, Washington 98538 (hereinafter the "Subject Property"), which is more fully described in the Deed of Trust described below.

On or about May 15, 2003, Kathleen J. Klee ("Borrower"), for valuable consideration, made, executed and delivered to IMPAC Funding Corp. D/B/A IMPAC Lending Group ("Lender") a Note in the principal sum of $168,000.00 (the "Note").

On or about May 15, 2003, Borrower made, executed and delivered to Lender a Deed of Trust (the "Deed of Trust") granting Lender a security interest in the Subject Property. The Deed of Trust was recorded on May 23, 2003, in the Official Records of Lewis County, State of Washington.

Subsequently, Lender's beneficial interest in the Note and Deed of Trust was sold, assigned and transferred to Creditor.

On or about December 17, 2009, Werner E. Klee and Kathleen J Klee filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code and was assigned Bankruptcy Case No. 09-49455-PBS.

THE PARTIES STIPULATE AS FOLLOWS:

1. Creditor shall have a secured claim in the amount of $160,000.00 (the "Secured Claim") amortized over the remainder of the Note at 5.0% interest per annum.

2. Creditor shall have an unsecured claim in the amount of $17,134.40 (the "Unsecured Claim"). Creditor shall receive, in full and final satisfaction of its Unsecured Claim, its pro rata share of the dividend issued to general unsecured creditors.

3. Debtors shall tender regular monthly payments in the sum of $1,026.75 to Creditor for the Secured Claim commencing June 1, 2012, and continuing until June 1, 2033, when all such outstanding amounts under the Secured Claim are to be paid in full.

4. In addition to the principal and interest payments described in paragraph 3 of this Stipulation, Debtors shall tender all necessary escrow payments for any and all real property taxes and/or real property insurance advances made or to be made by Creditor. Debtors shall tender the necessary escrow payments together with the regular monthly mortgage payments described in paragraph 3 above, commencing on June 1, 2012 and continuing thereafter until the loan is paid in full.

5. Except as otherwise expressly provided herein, all remaining terms of the Note and Deed of Trust shall govern the treatment of Creditor's Secured Claim.

6. In the event of any future default on any of the above-described provisions, inclusive of this Stipulation, Creditor shall provide written notice via certified mail to Werner E. Klee and Kathleen J. Klee at P.O. Box 7, Curtis, WA 98538, and to Debtors' attorneys of record, Joel G. Green, at 501 Roy St., Suite 335., Seattle, WA 98109-4276 and Richard A Paroutaud, at P.O. Box 1123, Chehalis, WA 98532, indicating the nature of default. If Debtors fail to cure the default with certified funds after passage of thirty (30) calendar days from the date said written notice is placed in the mail, then Creditor, may proceed to foreclose its security interest in the Subject Property under the terms of the Note and Deed of Trust and pursuant to applicable state law and thereafter commence any action necessary to obtain complete possession of the Subject Property without further notice, order, or proceeding of this Court.

7. The acceptance by Creditor of a late or partial payment shall not act as a waiver of Creditor's right to proceed hereunder.

8. In the event that Creditor is granted relief from the automatic stay, the parties hereby stipulate that the 14-day stay provided by Bankruptcy Rule 4001(a)(3) is waived.

9. In the event the Debtors default under this Stipulation and Creditor forwards a 30-day letter to Debtors, Debtors shall be required to tender $100.00 for each default letter submitted in order to cure the default. Any notice of default that Creditor provides Debtors and/or Debtors' attorneys pursuant to this Stipulation shall not be construed as a communication under the Fair Debt Collection Practices Act, 15 U.S.C. §1692.

/./././

10. At the request of the Creditor, the Debtors shall execute such documents and instruments as are necessary to reflect the Debtors as the borrowers of the Secured Claim, and to modify the terms of the obligation to conform with the provisions of the this Stipulation.

11. In the event the Debtors sell the Subject Property prior to receiving their Chapter 11 discharge, Creditor shall be entitled to exercise its rights pursuant to 11 U.S.C. §363(k) and/or 11 U.S.C. §363(f) and shall be permitted to receive proceeds from the sale of the Subject Property in an amount not less than the original outstanding balance owing under the terms of the Note. If the proposed sale for the Subject Property is less than the outstanding balance owing under the Note, then Creditor's consent must be obtained in writing prior to any such sale.

12. The terms of this Stipulation may not be modified, altered, or changed by the Plan, any confirmation order thereon, any subsequently filed Amended Chapter 11 Plan of Reorganization and confirmation order thereon without the express written consent of the Creditor. The terms of this Stipulation shall be incorporated into the Plan and/or any subsequently filed Amended Chapter 11 Plan of Reorganization.

13. In the event the Debtors' case is dismissed or converted to any other chapter under Title 11 of the United States Bankruptcy Code, Creditor shall retain its lien in the full amount due under the Note and the automatic stay shall be terminated without further notice, order, or proceeding of the court.

14. In exchange for the forgoing, this Stipulation shall constitute a ballot voting in favor of the Debtors' Chapter 11 Plan of Reorganization for the Class 2-51 Secured Claim and for the Unsecured Claim.

/// End of Order///

Dated: 26 April 2012

/s/ Joel Green
JOEL GREEN
Attorney for the Debtors

Presented By:

/s/ Jesse A. P. Baker
JESSE BAKER WSBA #36077
Attorneys for Creditor

- 4 -

| | |
|---|---|
| 1 | PITE DUCAN, LLP<br>4375 Jutland Drive, Suite 200 |
| 2 | P.O. Box 17933<br>San Diego, CA 92177-0933 |
| 3 | Telephone: (858) 750-7600 |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

- 5 -