# United States Bankruptcy Court
## Western District of Washington

In re Werner E. Klee and Kathleen J. Klee,
          Debtors

Case No. 09-49455

Chapter 11

## WERNER E. AND KATHLEEN J. KLEE'S PLAN OF REORGANIZATION DATED NOVEMBER 30, 2011, AS AMENDED ON JUNE 27, 2012

### ARTICLE I
### SUMMARY

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of Werner E. and Kathleen J. Klee (the "Debtors") from sale of assets, cash flow from operations, or future income.

This Plan provides for 70, separate subclasses of secured claims in class 2 that vote separately because the claims are secured by different collateral; 4 classes of unsecured claims; and 1 class of equity security holders. General unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately 26 cents on the dollar. This Plan also provides for the payment of administrative and priority claims on either the effective date of this Plan with respect to any such claim or to the extent permitted by the Code or the claimant's agreement; administrative claims consist of the claims of the Klees' professionals and the U.S. Trustee; and at this time there are no priority unsecured claims.

All creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

### ARTICLE II
### CLASSIFICATION OF CLAIMS AND INTERESTS

2.01    <u>Class 1</u>.         All allowed claims entitled to priority under § 507(a)(2) of the Code, being the administrative expense claims allowed under § 503(b).

2.02    <u>Class 2</u>.         The claims of all secured creditors, of which there are 70 separate subclasses, to the extent allowed as a secured claim under § 506 of the Code. Section 1129(a)(9)(D) of the Code provides that the

secured tax claim of Lewis County that would otherwise meet the description of a priority tax claim under § 507(a)(8) of the Code shall be paid in full by quarterly installments with statutory interest by the end of the 60th month of the Plan, whichever is later, or at the time of the sale of the property within the 60 month life of the Plan, or by a creditor who has repossessed the property.

2.03    Class 3.        Priority unsecured claims arising under 11 USC §§ 507(a)(3)-(7)

2.04    Class 4.        Priority unsecured claims of the IRS under § 507(a)(8).

2.05    Class 5.        Special unsecured, administrative convenience claims. (There are no such claims.)

2.06    Class 6.        General unsecured claims. All unsecured claims allowed under § 502 of the Code.

2.07    Class 7.        Equity interests of the Debtors.

## ARTICLE III
## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

3.01    Unclassified Claims.  Under section §1123(a)(1), administrative expense claims, and priority tax claims are not in classes.

3.02    Administrative Expense Claims.   Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtors.

3.03    Priority Tax Claims.  Each holder of a priority tax claim will be paid with interest over the 60 month life of the plan consistent with § 1129(a)(9)(C) of the Code].

3.04    United States Trustee Fees.  All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid within 30 days the effective date.

## ARTICLE IV
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01    Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
|-------|-----------|-----------|
| Class 1 – Administrative claims under § 507(a)(2) of the Code | Not applicable. | There are no such claims. |
| Class 2- Secured Claims. (N.B.: The hyphenated subclass designation below corresponds to the official Claims register number.) | Are all impaired, with certain exceptions as noted within each subclass. | See each subclass for its specific treatment. **Any secured creditor making an election under § 1111(b) of the Code shall be treated as follows:** At the Klees' option, the property will be retained or else will be abandoned upon the 180th day after the Effective Date, in which case the creditor shall be granted immediate relief from stay to foreclose nonjudicially in full satisfaction of their claim. The Klees may elect to retain the property and treat the claim as fully secured by making monthly payments as outlined for each such secured creditor. |
| Class 2-3 Secured Claim of Deutsche Bank Trust Company Americas as Trustee for GMAC Mortgage, LLC | Is impaired. | This claim was superseded by Claim Number 41 and receives treatment under Class 2-41. This claim is disallowed as a duplicate without further order of the Court. |
| Class 2-6 Secured claim of GMAC Mortgage, LLC | Is impaired. | Creditor shall have an allowed secured claim under §1111(b) and no allowed general unsecured claim. Creditor gets a new note amount in the amount of the allowed secured claim, with 0% fixed interest per annum, along with a new, 30-year amortization payment schedule and retains their security interest; the first payment thereunder shall be due on the first payment was due on 6/1/2012 and all other terms of the Note remain in effect. Allowed secured claim of $267,001.98 with a monthly payment of $741.67 and no unsecured claim. |

| Class 2-9 Secured claim of Lewis County. | Is impaired. | Pursuant to the Settlement Agreement with Madrona, the property securing this claim shall be conveyed to Madrona Mortgage, which shall be paid at the time of the closing of escrow. |
|---|---|---|
| Class 2-10 Secured claim of Lewis County. | Is impaired. | Paid in full with statutory interest within five years of the Effective Date through a sale of the property, with delinquent taxes three years or older, if any, to be paid in full with statutory interest within 90 days of the Effective Date. |
| Class 2-11 Secured claim of Lewis County. | Is impaired. | Paid in full with statutory interest within five years of the Effective Date, with delinquent taxes three years or older, if any, to be paid in full with statutory interest within 90 days of the Effective Date. |
| Class 2-12 Secured claim of Lewis County. | Is impaired. | Paid in full with statutory interest within five years of the Effective Date, with delinquent taxes three years or older, if any, to be paid in full with statutory interest within 90 days of the Effective Date. |
| Class 2-13 Secured claim of Lewis County. | Is impaired. | The property securing this claim shall be deemed abandoned and relief from stay shall be granted on the Effective Date in full satisfaction of said claim. Debtors retain the right to sell the property for so long as they are the legal owners. |
| Cass 2-14 Secured claim of Lewis County. | Is impaired. | The property securing this claim shall be deemed abandoned and relief from stay shall be granted on the Effective Date in full satisfaction of said claim. Debtors retain the right to sell the property for so long as they are the legal owners. |
| Class 2-15 Secured claim of Lewis County. | Is impaired. | Pursuant to the Settlement Agreement with Madrona, the property securing this claim shall be conveyed to Madrona Mortgage, which shall be paid at the time of the closing of escrow. |
| Class 2-16 Secured claim of Lewis County. | Is impaired. | Paid in full with statutory interest within five years of the Effective Date through a sale of the property, with delinquent taxes three years or older, if any, to be paid in full with statutory interest within 90 days of the Effective Date. |

| | | |
|---|---|---|
| Class 2-17 Secured claim of Lewis County. | Is impaired. | Paid in full with statutory interest within five years of the Effective Date through a sale of the property, with delinquent taxes three years or older, if any, to be paid in full with statutory interest within 90 days of the Effective Date. |
| Class 2-18 Secured claim of Lewis County. | Is not impaired. | The property securing this claim has been returned to the lender pursuant to a motion for relief from stay granted herein and the lender, as the new owner, is responsible for all tax debt. |
| Class 2-19 Secured claim of Lewis County. | Is not impaired. | The property securing this claim has been returned to the lender pursuant to a motion for relief from stay granted herein and the lender, as the new owner, is responsible for all tax debt. |
| Class 2-20 Secured claim of Lewis County. | Is impaired. | Paid in full with statutory interest within five years of the Effective Date through a sale of the property, with delinquent taxes three years or older, if any, to be paid in full with statutory interest within 90 days of the Effective Date |
| Class 2-21 Secured claim of Lewis County. | Is not impaired. | The property securing this claim has been returned to the lender pursuant to a motion for relief from stay granted herein and the lender, as the new owner, is responsible for all tax debt. |
| Class 2-22 Secured claim of Lewis County. | Is not impaired. | The property securing this claim has been returned to the lender pursuant to a motion for relief from stay granted herein and the lender, as the new owner, is responsible for all tax debt. |
| Class 2-23 Secured claim of Lewis County. | Is impaired. | Pursuant to the Settlement Agreement with Madrona, the property securing this claim shall be conveyed to Madrona Mortgage, which shall be paid at the time of the closing of escrow. |
| Class 2-24 Secured claim of Lewis County. | Is impaired. | Pursuant to the Settlement Agreement with Madrona, the property securing this claim shall be conveyed to Madrona Mortgage, which shall be paid at the time of the closing of escrow |
| Class 2-25 Secured claim of Lewis County. | Is not impaired. | The property securing this claim was sold to Ina Aust who is responsible for this claim. |

| | | |
|---|---|---|
| Class 2-26 Secured claim of Lewis County. | Is impaired. | Pursuant to the Settlement Agreement with Madrona, the property securing this claim shall be conveyed to Madrona Mortgage, which shall be paid at the time of the closing of escrow. |
| Class 2-27 Secured claim of Lewis County. | Is impaired. | Pursuant to the Settlement Agreement with Madrona, the property securing this claim shall be conveyed to Madrona Mortgage, which shall be paid at the time of the closing of escrow. |
| Class 2-28 Secured claim of Lewis County. | Is impaired. | Paid in full with statutory interest within five years of the Effective Date, with delinquent taxes three years or older, if any, to be paid in full with statutory interest within 90 days of the Effective Date. |
| Class 2-29 Secured claim of Lewis County. | Is impaired. | Paid in full with statutory interest within five years of the Effective Date, with delinquent taxes three years or older, if any, to be paid in full with statutory interest within 90 days of the Effective Date. |
| Class 2-30 Secured claim of Lewis County. | Is impaired. | Paid in full with statutory interest within five years of the Effective Date, with delinquent taxes three years or older, if any, to be paid in full with statutory interest within 90 days of the Effective Date. |
| Class 2-31 Secured claim of Lewis County. | Is impaired. | Paid in full with statutory interest within five years of the Effective Date, with delinquent taxes three years or older, if any, to be paid in full with statutory interest within 90 days of the Effective Date. |
| Class 2-32 Secured claim of Lewis County. | Is impaired. | Paid in full with statutory interest within five years of the Effective Date, with delinquent taxes three years or older, if any, to be paid in full with statutory interest within 90 days of the Effective Date. |
| Class 2-33 Secured claim of Lewis County. | Is impaired | Pursuant to the Settlement Agreement with Madrona, the property securing this claim shall be conveyed to Madrona Mortgage, which shall be paid at the time of the closing of escrow. |

| | | |
|---|---|---|
| Class 2-34<br>Secured claim of<br>Lewis County. | Is impaired | Paid in full with statutory interest within five years of the Effective Date, with delinquent taxes three years or older, if any, to be paid in full with statutory interest within 90 days of the Effective Date. |
| Class 2-35<br>Secured claim of<br>Lewis County. | Is impaired. | Paid in full with statutory interest within five years of the Effective Date, with delinquent taxes three years or older, if any, to be paid in full with statutory interest within 90 days of the Effective Date. |
| Class 2-36<br>Secured claim of<br>Lewis County. | Is impaired. | The property securing this claim shall be deemed abandoned and relief from stay shall be granted on the Effective Date in full satisfaction of said claim. Debtors retain the right to sell the property for so long as they are the legal owners. |
| Class 2-37<br>Secured claim of<br>Deutsche Bank<br>Trust Company<br>Americas as<br>Trustee for c/o<br>GMAC Mortgage,<br>LLC | Is impaired. | Bifurcated claim such that the creditor shall have an allowed secured claim under §506 and an allowed general unsecured claim. Creditor gets a new note amount in the amount of the allowed secured claim, with 5% fixed interest per annum, with a 30-year amortization payment schedule where the final payment is due in 6/2037, and retains their security interest; the first payment thereunder shall be due on 6/1/2012 and all other terms of the Note remain in effect Creditor gets an allowed general unsecured claim, which gets Class 6 treatment for the balance of their claim. Allowed secured claim of $165,000 with a monthly payment of $964.57; balance of claim is allowed as a general unsecured claim. |
| Class 2-39<br>Secured claim of<br>GMAC Mortgage<br>LLC | Is impaired. | This claim was superseded by Claim Number 40 and receives treatment under Class 2-40. The claim is disallowed as a duplicate without further order of the Court. |

| | | |
|---|---|---|
| Class 2-40 Secured claim of GMAC Mortgage LLC | Is impaired. | Bifurcated claim such that the creditor shall have an allowed secured claim under §506 and an allowed general unsecured claim. Creditor gets a new note amount in the amount of the allowed secured claim, with 5% fixed interest per annum, along with a 30-year amortization payment schedule, the last payment due 7/2036 and retains their security interest; the first payment thereunder shall be due on 5/1/2012 and all other terms of the Note remain in effect. Each such creditor gets an allowed general unsecured claim, which gets Class 6 treatment for the balance of their claim. Allowed secured claim of $155,000 with a monthly payment of $921.89; balance of claim is allowed as a general unsecured claim. |
| Class 2-41 Secured Claim of Deutsche Bank Trust Company Americas as Trustee for GMAC Mortgage, LLC | Is impaired. | Bifurcated claim such that the creditor shall have an allowed secured claim under §506 and an allowed general unsecured claim. Creditor gets a new note amount in the amount of the allowed secured claim, with 5.25% fixed interest per annum, along with a new, 30-year amortization payment schedule beginning 12/1/2010 and retains their security interest; the first payment thereunder shall be due on 5/1/2012 and all other terms of the Note remain in effect. Each such creditor gets an allowed general unsecured claim, which gets Class 6 treatment for the balance of their claim. Allowed secured claim of $77,000 with a monthly payment of $493.39; balance of claim is allowed as a general unsecured claim. |

| | | |
|---|---|---|
| Class 2-42 Secured Claim of Aurora Loan Services, LLC | Is impaired. | Bifurcated claim such that the creditor shall have an allowed secured claim under §506 and an allowed general unsecured claim. Creditor gets a new note amount in the amount of the allowed secured claim, with 5.25% fixed interest per annum, along with a new, 30-year amortization payment schedule and retains their security interest; the first payment thereunder shall be due on 5/1/2012 and all other terms of the Note remain in effect. Each such creditor gets an allowed general unsecured claim, which gets Class 6 treatment for the balance of their claim. Allowed secured claim of $175,500 with a monthly payment of $969.12; balance of claim is allowed as a general unsecured claim. |
| Class 2-43 Secured claim of Aurora Loan Services, LLC | Is impaired. | Bifurcated claim such that the creditor shall have an allowed secured claim under §506 and an allowed general unsecured claim. Creditor gets a new note amount in the amount of the allowed secured claim, with 5.25% fixed interest per annum, along with a new, 30-year amortization payment schedule and retains their security interest; the first payment thereunder shall be due on 5/1/2012 and all other terms of the Note remain in effect. Each such creditor gets an allowed general unsecured claim, which gets Class 6 treatment for the balance of their claim. Allowed secured claim of $159,000 with a monthly payment of $878.00; balance of claim is allowed as a general unsecured claim. |

| | | |
|---|---|---|
| Class 2-44 Secured claim of Aurora Loan Services, LLC | Is impaired. | Bifurcated claim such that the creditor shall have an allowed secured claim under §506 and an allowed general unsecured claim. Creditor gets a new note amount in the amount of the allowed secured claim, with 5.25% fixed interest per annum, along with a new, 30-year amortization payment schedule and retains their security interest; the first payment thereunder shall be due on 5/1/2012 and all other terms of the Note remain in effect. Each such creditor gets an allowed general unsecured claim, which gets Class 6 treatment for the balance of their claim. Allowed secured claim of $184,000 with a monthly payment of $1016.05; balance of claim is allowed as a general unsecured claim. |
| Class 2-45 Secured claim of Aurora Loan Services, LLC | Is impaired. | Bifurcated claim such that the creditor shall have an allowed secured claim under §506 and an allowed general unsecured claim. Creditor gets a new note amount in the amount of the allowed secured claim, with 5.25% fixed interest per annum, along with a new, 30-year amortization payment schedule and retains their security interest the first payment thereunder shall be due on 5/1/2012 and all other terms of the Note remain in effect. Each such creditor gets an allowed general unsecured claim, which gets Class 6 treatment for the balance of their claim. Allowed secured claim of $202,500 with a monthly payment of $1118.21; balance of claim is allowed as a general unsecured claim. |

| Class 2-46 Secured claim of Chase Home Finance, LLC | Is impaired. | Bifurcated claim such that the creditor shall have an allowed secured claim under §506 and an allowed general unsecured claim. Creditor gets a new note amount in the amount of the allowed secured claim, with 5% fixed interest per annum, along with a new, 30-year amortization payment schedule and retains their security interest; the first payment thereunder shall be due on the 1st day of the first month after the effective Date and all other terms of the Note remain in effect. Each such creditor gets an allowed general unsecured claim, which gets Class 6 treatment for the balance of their claim. Allowed secured claim of $152,000 with a monthly payment of $815.97; balance of claim is allowed as a general unsecured claim. |
|---|---|---|
| Class 2-47 Secured claim of Aurora Loan Services, Inc. | Is impaired. | Bifurcated claim such that the creditor shall have an allowed secured claim under §506 and an allowed general unsecured claim. Creditor gets a new note amount in the amount of the allowed secured claim, with 5.25% fixed interest per annum, along with a new, 30-year amortization payment schedule and retains their security interest; the first payment thereunder shall be due on 5/1/2012 and all other terms of the Note remain in effect. Each such creditor gets an allowed general unsecured claim, which gets Class 6 treatment for the balance of their claim. Allowed secured claim of $131,500 with a monthly payment of $726.15; balance of claim is allowed as a general unsecured claim. Relief from stay was granted in March 2011. Confirmation of the plan shall constitute nullification of the relief from stay and creditor may only foreclosure pursuant to the confirmed plan. |

| | | |
|---|---|---|
| Class 2-51 Secured claim of Deutsche Bank National Trust Company, as Trustee for GMAC Mortgage, LLC | Is impaired. | Bifurcated claim such that the creditor shall have an allowed secured claim under §506 and an allowed general unsecured claim. Creditor gets a new note amount in the amount of the allowed secured claim, with 5% fixed interest per annum, based upon a 30-year amortization payment schedule with a maturity date of 6/2033 and retains their security interest; the first payment thereunder shall be due on 6/1/2012 and all other terms of the Note remain in effect. Each such creditor gets an allowed general unsecured claim, which gets Class 6 treatment for the balance of their claim. Allowed secured claim of $160,000 with a monthly payment of $1026.75; balance of claim is allowed as a general unsecured claim. |
| Class 2-54 Secured claim of Jeanette DiBiase Revocable Trust and Marthe Shaw | Is impaired. | Secured claim paid in full within 5 years of effective date of the plan. All terms of the Note remain in effect except that interest shall be fixed at 5% per annum with no periodic payments with said interest to commence accruing on the 1st day of the 1st month following the Effective Date. A failure to have closed a sale on the property securing the allowed secured claim by the end of the 60th month of the plan shall be considered a material default entitling the creditor to commence a nonjudicial foreclosure. |
| Class 2-55 Secured claim of David Welts/Puget Sound Investors | Is impaired. | Secured claim paid in full within 5 years of effective date of the plan. All terms of the Note remain in effect except that interest shall be fixed at 5% per annum with no periodic payments with said interest to commence accruing on the 1st day of the 1st month following the Effective Date. A failure to have closed a sale on the property securing the allowed secured claim by the end of the 60th month of the plan shall be considered a material default entitling the creditor to commence a nonjudicial foreclosure. |

| | | |
|---|---|---|
| Class 2-56<br>Secured claim of<br>David<br>Welts/Puget<br>Sound Investors | Is impaired. | Secured claim paid in full within 5 years of effective date of the plan. All terms of the Note remain in effect except that interest shall be fixed at 5% per annum with no periodic payments with said interest to commence accruing on the 1st day of the 1st month following the Effective Date. A failure to have closed a sale on the property securing the allowed secured claim by the end of the 60th month of the plan shall be considered a material default entitling the creditor to commence a nonjudicial foreclosure. |
| Class 2-57<br>Secured claim of<br>David<br>Welts/Puget<br>Sound Investors | Is impaired. | Secured claim paid in full within 5 years of effective date of the plan. All terms of the Note remain in effect except that interest shall be fixed at 5% per annum with no periodic payments with said interest to commence accruing on the 1st day of the 1st month following the Effective Date. A failure to have closed a sale on the property securing the allowed secured claim by the end of the 60th month of the plan shall be considered a material default entitling the creditor to commence a nonjudicial foreclosure. |
| Class 2-58<br>Secured claim of<br>Adams Trust c/o<br>Richard B.<br>Levenson | Is impaired. | Secured claim paid in full within 5 years of effective date of the plan. All terms of the Note remain in effect except that interest shall be fixed at 5% per annum with no periodic payments with said interest to commence accruing on the 1st day of the 1st month following the Effective Date. A failure to have closed a sale on the property securing the allowed secured claim by the end of the 60th month of the plan shall be considered a material default entitling the creditor to commence a nonjudicial foreclosure. |
| Class 2-59<br>Secured claim of<br>Adams Trust c/o<br>Richard B.<br>Levenson | Not impaired. | Claim is deemed paid in full. Creditor obtained relief from stay and completed a nonjudicial foreclosure. |

| | | |
|---|---|---|
| Class 2-61 Secured claim of Deutsche Bank National Trust Company, as Trustee for GMAC Mortgage, LLC | Is impaired. | Bifurcated claim such that the creditor shall have an allowed secured claim under §506 and an allowed general unsecured claim. Creditor gets a new note amount in the amount of the allowed secured claim, with 5% fixed interest per annum, based upon a 30-year amortization payment schedule with the last payment due 3/2033 and retains their security interest; the first payment thereunder shall be due on 5/1/2012 and all other terms of the Note remain in effect. Each such creditor gets an allowed general unsecured claim, which gets Class 6 treatment for the balance of their claim. Allowed secured claim of $165,000 with a monthly payment of $1063.63; balance of claim is allowed as a general unsecured claim. |
| Class 2-62 Secured claim of GMAC Mortgage, LLC | Is impaired. | This claim was a HELOC held by GMAC Mortage transferred to Solace Financial, LLC, as a second deed of trust that the Debtors will avoid and strip the lien from record title on 627-A Boistfort Rd. Creditor shall have an allowed, general unsecured claim of $27,737.03. |
| Class 2-63 Secured Claim of BankUnited, assignee of the FDIC, as the receiver for | Not impaired. | Claim is deemed paid in full. Creditor obtained relief from stay and completed a nonjudicial foreclosure. |
| Classes 2-64 through 2-70 Secured claims of Madrona Mortgage, Inc. or Madrona Mortgage Inc., Profit Sharing Plan and Trust | Are impaired. | These claims shall be paid pursuant to the court approved Settlement Agreement herein, and pursuant to the Amendment to Mediation Settlement Agreement dated April 30, 2012 attached hereto as Exhibit 1. |

| Class 2-72 Secured claim of Wells Fargo Bank, Na | Is impaired. | Bifurcated claim such that the creditor shall have an allowed secured claim under §506 and an allowed general unsecured claim. Creditor gets a new note amount in the amount of the allowed secured claim, with 5% fixed interest per annum, along with a new, 30-year amortization payment schedule and retains their security interest; the first payment thereunder shall be due on the 1st day of the first month after the effective Date and all other terms of the Note remain in effect. Each such creditor gets an allowed general unsecured claim, which gets Class 6 treatment for the balance of their claim. Allowed secured claim of $250,000 with a monthly payment of $1342.05; balance of claim is allowed as a general unsecured claim. |
|---|---|---|
| Class 2-73 Secured claim of Curtis Lake Creek LLC | Is not impaired. | Claim is deemed paid in full. Creditor obtained relief from stay and completed a nonjudicial foreclosure. |
| Class 2-75 Secured claim of J.P. Morgan Chase Bank, N.A. c/o Shermeta, Adams & Von Allmen, P.C. | Is impaired. | Claim was late filed and is wholly unsecured. Adversary proceeding to be filed to strip unsecured deed of trust from record title of 627-C Boistfort Rd. |

| Class 2-76 Late Filed Second Deed of Trust Claim of Greenpoint Mortgage Funding | Is impaired. | Claim was late filed and appears as Claim No. 76 in the Claims Register. Bifurcated claim such that the creditor shall have an allowed secured claim under §506 in the amount of $3000.00 and an allowed general unsecured Class 6 claim in the amount of $90,297.44. The Allowed secured claim shall be paid in full at the end of 12 months from the Effective Date at 5% per annum interest. If the property is sold within 5 years of the Effective Date, Debtors and Creditor will split the excess proceeds (after payment to the senior lien creditor, payment of real property taxes and normal and routine escrow closing costs) 50% to each. Debtors shall maintain payments to senior creditor, real property insurance and real property taxes and the failure to do so shall be a default entitling Creditor to file a Motion for Relief or tender notice of default pursuant to Plan terms. Upon Debtors completion of Chapter 11 Plan and obtaining a discharge, this lien shall be deemed satisfied and released in full on 595-34 Boistfort Rd. If the case is administratively closed closure shall be deemed termination of the automatic stay and Creditor will file 30 days' Notice of default and may proceed with state law remedies pursuant to Stipulation to be approved by the Bankruptcy Court. If case is dismissed or converted to one under Chapter 7, lien shall be secured for the full amount due. |
|---|---|---|

| | | |
|---|---|---|
| Class 2-77 Unfiled, allowed secured claim of Wachovia | Is impaired. | Bifurcated claim such that the creditor shall have an allowed secured claim under §506 and an allowed general unsecured claim. Creditor gets a new note amount in the amount of the allowed secured claim, with 5.25% fixed interest per annum, along with a new, 30-year amortization payment schedule and retains their security interest; the first payment thereunder shall be due on 5/1/2012 and all other terms of the Note remain in effect. Each such creditor gets an allowed general unsecured claim, which gets Class 6 treatment for the balance of their claim. Allowed secured claim of $225,000 with a monthly payment of $1242.46; balance of claim is allowed as a general unsecured claim. |
| Class 2-78 Unfiled, allowed secured claim of Wachovia | Is impaired. | Bifurcated claim such that the creditor shall have an allowed secured claim under §506 and an allowed general unsecured claim. Creditor gets a new note amount in the amount of the allowed secured claim, with 4.5% fixed interest per annum, along with a new, 30-year amortization payment schedule and retains their security interest; the first payment thereunder shall be due on 5/1/2012 and all other terms of the Note remain in effect. Each such creditor gets an allowed general unsecured claim, which gets Class 6 treatment for the balance of their claim. Allowed secured claim of $185,000 with a monthly payment of $937.37; balance of claim is allowed as a general unsecured claim. |

| Class 2-79 Unfiled, allowed secured claim of Wachovia | Is impaired. | Bifurcated claim such that the creditor shall have an allowed secured claim under §506 and an allowed general unsecured claim. Creditor gets a new note amount in the amount of the allowed secured claim, with 5.25% fixed interest per annum, along with a new, 30-year amortization payment schedule beginning 3/1/2012 and retains their security interest; and all other terms of the Note remain in effect. Each such creditor gets an allowed general unsecured claim, which gets Class 6 treatment for the balance of their claim. Allowed secured claim of $160,000 with a monthly payment of $883.53; balance of claim is allowed as a general unsecured claim. |
|---|---|---|
| Class 2-a Unfiled, Disallowed Second Deed of Trust Claim of Bank of America | Is impaired. | Claim is wholly unsecured. Adversary proceeding to be filed to strip unsecured deed of trust from record title of 116 Alder Ridge Rd. |
| Class 2-b Unfiled, Disallowed Second Deed of Trust Claim of U.S. Bank | Is impaired | Claim is wholly unsecured. Adversary proceeding to be filed to strip unsecured deed of trust from record title of 626 Boistfort Rd. |
| Class 2-c secured claims of Karlsruher Lebensversicherung AG. | Is unimpaired. | Debtors will continue to make payments in accordance with the terms of the promissory note and security documents. |
| Class 2-d secured claims of Karlsruher Lebensversicherung AG. | Is unimpaired. | Debtors will continue to make payments in accordance with the terms of the promissory note and security documents. |
| Class 3 | Unimpaired. | Get paid in full on the effective date. |
| Class 4 | Unimpaired. | Get paid in full on the effective date. |
| Class 5 | Unimpaired. | This is the administrative convenience class of general unsecured creditors with claims under $1000. Gets paid in full on the effective date. |

| Class 6 - General Unsecured Creditors | Are impaired. | General unsecured creditors shall receive pro rata distribution from the proceeds of sale of non-exempt property. They will also share pro rata the proceeds of any short sale of any property for which the buyer pays a premium and any encumbered real property that is sold during the 60 month life of the plan, which has proceeds in excess of the costs of sale and payment in full of the secured creditors' allowed secured claim. |
|---|---|---|
| Class 7 - Equity Interest Holders | Are impaired. | Equity interest holders shall retain their interests in exchange for liquidating non-exempt property and paying all proceeds to the general unsecured creditors and other contributions under the Plan. |

**SECURED CREDITOR STIPULATIONS AND PLAN AMENDMENTS**

In order to resolve various confirmation objections filed herein by certain secured creditors, the Klees have entered into various Stipulations with those secured creditors. All Stipulations have been filed with the Bankruptcy Court along with an Order approving the Stipulations. The Klees will argue for approval of those stipulations at the confirmation hearing. The terms of those Stipulations with respect to treatment of the affected claims has been incorporated into this section of the Plan. To the extent that any term of this Amended Plan conflicts with any Stipulation, the Stipulation shall prevail.

**AMENDED PLAN MODIFICATION OF BANKRUPTCY COURT APPROVED MADRONA MEDIATION SETTLEMENT AGREEMENT**

The Bankruptcy Court approved a Mediation Settlement Agreement ("MSA"), which resolved seven claims filed by Madrona and the Klees' adversary proceeding, Case No 10-04396. In order to implement the MSA, the parties determined that certain changes had to be made in order to implement the MSA. The parties entered into an Amendment to Mediation Settlement Agreement ("AMSA") in April 2012, a copy of which is attached hereto as Exhibit 1, and the terms of which are hereby incorporated in to the Amended Plan.

The AMSA Amends Paragraphs 5 (allowing Klees to record drainfield easements to protect access to two adjacent lots and in accordance with the terms set forth in a recorded large lot subdivision); 9 (Madrona is given the option of requiring Klees to market property secured by its deed of trust AFN 3338199 with a realtor to be chosen by Madrona and at a price and terms specified by Madrona, with any "comp tax" to be split 50:50 between the Klees and Madrona and net proceeds payable to Madrona); 10 (a typographical error with respect to the parcel number was correct to read 019120-006-000 and the claim amount corrected to read

$72,835.83); and 11 (Madrona's deed of trust will now be satisfied by Klee and Madrona executing and recording a deed in lieu of foreclosure on a parcel secured by Madrona's deed of trust AFN 3176798, other than the parcel to be selected by Madrona in paragraph 5 of the MSA); and continues all other terms of the MSA.

## ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01  Disputed Claim.  A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtors or another party in interest have filed an objection; or (ii) no proof of claim was been filed by the Bar Date.

5.02  Delay of Distribution on a Disputed Claim.  No distribution will be made on account of a disputed claim unless such claim is allowed by a final, non-appealable order.

5.03  Notice of Settlements.  The Debtors shall provide notice to the U.S. Trustee and to the parties requesting special notice in this Chapter 11 Case of all proposed settlements of objections to Claims against the estate involving Claims in excess of $10,000.00.

5.04  Closing of Settlements.  Ten (10) days after notice of any settlement the Debtors may close such settlement, without requiring specific Court approval, absent timely objection by a party in interest.

5.05  Time for Objections to Claims.  The Debtors shall be the only parties entitled to object to claims and shall have the right, following review, to object to any Claim, whether scheduled by the Debtors, presented by a filed Proof of Claim, or otherwise.  Objections to Claims made by the Debtors Agent shall be served upon each holder of such Claim to which objections are made and filed with the Bankruptcy Court within one-hundred-twenty (120) days following the Effective Date.  This date may be extended by the Debtors for any Claim that has not been properly documented by the holder of such Claim.

## ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01  Assumed Executory Contracts and Unexpired Leases.

(a)  Upon entry of the Confirmation Order, the Debtors will be deemed to have rejected all executory contracts not previously specifically assumed by the Debtors in accordance with this Plan or as approved by the Bankruptcy Court.  Claims for damages arising by reason of the rejection of executory contracts or unexpired leases shall be classified and treated as Class 6 Claims; provided that any such Claim shall be disallowed, and forever barred, unless a claim for damages is filed with the Court and served upon the Debtors and their attorneys within thirty

(30) days of the mailing of the notice of confirmation. Claims not timely filed shall be forever barred and unenforceable against the Debtors, their Estate, the Reorganized Debtors and their properties and such party shall be barred from receiving any Distribution under the Plan on account of such rejection.

(b)     Upon the Effective Date, the Debtors will be deemed to have assumed all unexpired leases for real property leases without further order of the Court.

## ARTICLE VII
## MEANS FOR IMPLEMENTATION OF THE PLAN

The plan will be implemented as required under §1123(a)(5) of the Code, as follows:

Debtors will, within their discretion list for sale all unencumbered property within their discretion. Sales of such properties for the benefit of the general unsecured creditors shall be completed no later than the end of the 54th month of the 60-month plan. Any property not sold at the conclusion of the 54th month of the plan after the effective date shall be auctioned off no later than the 58th month of the plan using an auctioneer of the Debtors choosing, without further order of this Court. The properties affected hereby and which will be sold are listed in Section IV above.

Debtors will list for sale, within 90 days of the Effective Date, all encumbered property that has potential equity for the benefit of the general unsecured creditors. Any property not sold at the conclusion of the 54th month of the plan after the effective date shall be auctioned off no later than the 58th month of the plan using an auctioneer of the Debtors choosing, without further order of this Court. The properties affected hereby and which will be sold are listed in Section IV above.

The net proceeds, after deducting the usual and customary costs of sale, shall be paid by the Debtors into a trust account known as the Distribution Fund for the benefit of the general unsecured creditors. Said net proceeds may be used by the Debtors to pay outstanding court approved administrative expenses and priority claims prior to depositing funds into the Distribution Fund. The Debtors shall make periodic payments from the Distribution Fund to the general unsecured creditors on a pro rata basis during the 12th, 24th, 36th, 48th, and 60th month of the plan, provided that there are sufficient monies in the Distribution Fund to justify payments.

The Debtors shall retain all other properties, which have no equity for the general unsecured creditors.

The debtors will commence payment to the holders of first deeds of trust commencing on the first day of the first full month after the effective date. Should the Debtors fail to make a payment required under the Plan to these secured creditors, the creditors will have the right to commence a nonjudicial foreclosure pursuant to the laws of the State of Washington. Debtors

shall retain all rights under such laws to cure. Should the Debtors sell any one of these properties during the 60-month Plan and there is net equity from the sale over and above costs of sale, payment in full of the allowed secured claim, said proceeds shall be distributed to the Distribution Fund, less 10% which shall be paid to the Debtors as a cost of doing business, with the exception of the Debtors' maximum applicable homestead exemption, should they sell their homestead property during the 60-month Plan, in which case any net proceeds available after payment in full of the Debtors' maximum homestead, which is $125,000 at this time, but may be increased pursuant to state law, shall be paid into the Distribution Fund.

**ARTICLE VIII**
**GENERAL PROVISIONS**

8.01 <u>Definitions and Rules of Construction.</u>  The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions:

**<u>Definitions</u>**

1. <u>Defined Terms</u>.  As used in the Plan, the following terms shall have the respective

meanings specified below:

1.1. <u>Administrative Creditor</u>.  Any person entitled to payment of an Administrative Expense.

1.2. <u>Administrative Expense</u>.  Any cost or expense of administration of the Chapter 11 Case allowed under 11 U.S.C. § 503(b), including, without limitation, any indebtedness or obligation incurred or assumed by the Debtors in Possession, in connection with the conduct of their business in the ordinary course, or for the acquisition or lease of property or for the obtaining of services by the Debtors in Possession, all allowances of compensation or reimbursement of expenses to the extent allowed by the Bankruptcy Court under the Bankruptcy Code, and any fees or charges assessed against the estate of the Debtors.

1.3. <u>Allowed Claim</u>.  Any Claim against Debtors as of the petition date, proof of which was filed on or before the date designated by the Bankruptcy Court as the last date for filing proofs of Claim or, if no proof of Claim is filed, which has been or hereafter is listed by the Debtors as liquidated in amount and not disputed or contingent and, in either case a Claim as to which no objection to the allowance thereof has been interposed within the applicable period of limitation fixed by the Plan, the Bankruptcy Code, the Bankruptcy Rules or Bankruptcy Court, or as to which any objection has been interposed and/or such Claim has been allowed in whole or in part by an order or judgment of the Bankruptcy Court that is no longer subject to appeal or certiorari proceeding and as to which no appeal or certiorari proceeding is pending.

1.4. <u>Bankruptcy Code</u>.  The Bankruptcy Reform Act of 1978 as amended, Title 11, United States Code.

1.5.     Bankruptcy Court.  The United States District Court for the Western District of Washington, at Tacoma, having jurisdiction over the Chapter 11 Case and, to the extent of any reference made pursuant to 28 U.S.C. § 157, the unit of such District Court constituted pursuant to 28 U.S.C. § 151.

1.6.     Bankruptcy Rules.  The Federal Rules of Bankruptcy Procedure, and as applicable, the Local Rules of Bankruptcy Procedure of the Bankruptcy Court as amended, as applicable to the Chapter 11 Case.

1.7.     Cash.  Cash, cash equivalents and other readily marketable securities or instruments including, without limitation, readily marketable d

1.8.     Direct obligations of the United States of America, certificates of deposit issued by banks and commercial paper of any entity, including interest earned or accrued thereon.

1.9.     Chapter 11 Case.  The case commenced on December 17. 2009 by the filing of a petition by the Debtors under Chapter 7 of the Bankruptcy Code, which was converted to Chapter 11 on February 10, 2010, and which is pending in the Bankruptcy Court as case number. 09-49455, in which Werner and Kathleen Klee are the Debtors.

1.10.     Confirmation Date.  The date upon which the Bankruptcy Court shall sign the order confirming the Plan or as it may be amended.

1.11.     Confirmation Order.  An order of the Bankruptcy Court confirming the Plan in accordance with the provisions of Chapter 11 of the Bankruptcy Code and which is not then subject to a pending motion to clarify, vacate, rehear, modify or amend.

1.12.     Contested Claim.  Any Claim as to which the Debtors or any party in interest has interposed an objection in accordance with the Plan, the Bankruptcy Code or the Bankruptcy Rules, which objection has not been determined by an order or judgment that is no longer subject to appeal or certiorari proceeding or as to which to appeal or certiorari proceeding is pending.

1.13.     Debtors.  Werner and Kathleen Klee.

1.14.     Debtors in Possession. Werner and Kathleen Klee.

1.15.     Distribution Fund.  The fund held in trust from the Proceeds of the sales of Properties.

1.16.     Interest Holders.  Werner and Kathleen Klee.

1.17.     Person.  An individual, corporation, partnership, association, joint stock company, joint venture, estate, trust, unincorporated organization, or government or any political subdivision thereof or any other entity.

1.18.     Petition Date.  December 17, 2009, the date upon which the petition of the Debtors was filed commencing the Chapter 7 Case, which was converted to Chapter 11.

1.19.     Plan.  This Plan of Reorganization either in its present form or as it may be altered, amended or modified from time to time, which shall have a life of 60-months from the Effective Date, and which shall conclude without further Order of the Court at the conclusion of the 60th month after the Effective Date, at which time the Debtors shall receive their discharge.

1.20.     Plan Proponent.  The Klees.

   1.21. <u>Proceeds</u>. All cash and anything of value received in consideration for the sales of the Properties, including any debt instruments and security instruments.

   1.22. <u>Professional Fees</u>. The Administrative Claims of professionals appointed to represent the interests of the estate pursuant to § 327 or § 1103 of the Code, for fees and reimbursement of costs.

   1.23. <u>Properties</u>. The real property operated by the Debtors.

   1.24. <u>Unsecured Claim</u>. Any Claim other than an Administrative Expense, a claim entitled to priority under 11 U.S.C. § 507(a), a secured Claim or Claim relating to equity interest in the Debtor.

   1.25. <u>Unsecured Creditor</u>. Any creditor holding an Unsecured Claim.

   2. <u>Undefined Terms.</u> Capitalized terms used herein but not otherwise defined have the meanings ascribed to them by the Bankruptcy Code.

   8.02 <u>Effective Date of Plan</u>. The Effective Date of this Plan is the eleventh business day following the date of the entry of the order of confirmation.  But if a stay of the confirmation order is in effect on that date, the Effective Date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

   8.03 <u>Severability</u>. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

   8.04 <u>Binding Effect</u>. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

   8.05 <u>Captions</u>. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

   8.06 <u>Controlling Effect</u>. Unless a rule of law or procedure is supplied by federal law, including the Code or the Federal Rules of Bankruptcy Procedure, the laws of the State of Washington govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

**ARTICLE IX**
**<u>DISCHARGE</u>**

   9.01. <u>Discharge.</u> Confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments under this Plan, or as otherwise provided in § 1141(d)(5) of the Code.  The Debtors will not be discharged from any

debt excepted from discharge under § 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

## ARTICLE X
## UNCLAIMED DISTRIBUTIONS

10.01 Unclaimed Distributions.   Pursuant to § 347(b) of the Code, any holder of an Allowed Claim or Interest who has not claimed its respective Distribution on or before 90 days following a Distribution made pursuant to the Plan will have its Claim deemed disallowed as to such unclaimed Distribution and shall be deemed to have waived any right to such unclaimed Distribution.  All unclaimed Distributions shall be deposited in the Payment Fund, and shall be distributed in payment of Allowed Claims and Interests in accordance with f the Plan.

## ARTICLE XI

## MISCELLANEOUS PROVISIONS

11.01   Amendments and Waivers.   Except as otherwise provided in the Plan or in the Order of Confirmation, any term of the Plan may be waived by the party benefited by the term to be waived.

11.02   Election Pursuant to §1129(b) of the Code.   The Debtors request confirmation of the Plan pursuant to § 1129(b) of the Code if the requirements of all provisions of § 1129(a) of the Code, except paragraph (a)(8) thereof, are met with regard to the Plan.

11.03   Reservation of Rights.   Neither the filing of the Plan nor any statement or provision contained herein shall be or be deemed to be an admission against interest and, until entry of the Confirmation Order, be or be deemed to be a waiver of any rights that any Creditor might have against the Debtors or any property in which the Debtors have an interest, all such rights being specifically reserved.

11.04   Computation of Time Periods.   In computing any period of time prescribed or allowed by the Plan, the day or month of the act, event or default from which the designated period of time begins to run shall not be included.  The last day or month of the period so computed shall be included.  In the event the last day is a Saturday, Sunday, or legal holiday, then the period shall run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

11.05   Modification of Plan.  The Debtors may propose amendments or modifications to the Plan at any time prior to confirmation.  After confirmation, the Debtors may, with leave of Court, and so long as it does not materially or adversely affect the interest of Creditors or other parties in interest, remedy any defect or omission, or reconcile any inconsistency in the Plan or in

the order under 11 U.S.C § 1129 confirming the Plan, in such manner as may be necessary to carry out the purposes, intent and effect of the Plan.

11.06 <u>Termination of the Plan</u>. The Plan shall terminate and otherwise cease to be of any force or effect upon completion of the 60th full month after the Effective Date.

11.07 <u>Entry of Final Decree</u>. A final decree may be entered upon substantial consummation of the Plan as hereinafter defined in accordance with the Federal Rules of Bankruptcy Procedure and applicable Local Bankruptcy Rules.

11.08 <u>Substantial Consummation</u>. Unless otherwise provided in the Confirmation Order, substantial consummation of the Plan within the meaning of 11 U.S.C. § 1101(2) shall occur upon the first payment into the Payment Fund.

## ARTICLE XII
## NOTICES

Any notice required to be transmitted hereunder to the Debtors shall be sufficient if sent by United States first class mail to the parties set forth below:

To Debtors in Possession:

Werner and Kathleen Klee
P.O. Box 7
Curtis, Washington 98538

With Copies to:

Richard Paroutaud
P.O. Box 1123 - 20 SW 12th St
Chehalis, WA 98532

and to:

Joel G. Green
Attorney at Law
501 Roy St., Unit #F335
Seattle WA 98109

Any action required to be taken on notice under this Article shall be permitted only upon receipt of such notice by the above parties and expiration of the applicable notice period thereafter.

WHEREFORE, the Debtors pray for confirmation of the Plan pursuant to 11 U.S.C. § 1129, and for such other and further relief as is just, proper and equitable.

Respectfully submitted this 30th day of November 2011 and this 27th day of June 2012,


By:  /s/ Werner Klee_____
          Werner Klee, The Plan Proponent



By:  /s/ Kathleen Klee_____
          Kathleen Klee, The Plan Proponent



By:  /s/ Joel Green_____
          Of Attorneys for the Plan Proponent