Entered on Docket July 13, 2012

**Below is the Order of the Court.**

*Brian D. Lynch* (signature)

**Brian D. Lynch**
**U.S. Bankruptcy Judge**
(Dated as of Entered on Docket date above)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| In re:<br><br>WERNER E. KLEE and KATHLEEN J. KLEE,<br><br>  Debtors. | Case No.: 09-49455<br><br>FINDINGS OF FACT AND CONCLUSIONS OF LAW RE CONFIRMATION OF DEBTORS' CHAPTER 11 PLAN, AS AMENDED JUNE 27, 2012 |

THIS MATTER came on before the Hon. Brian D. Lynch to consider the Confirmation of the Debtors' Plan of Reorganization dated November 30, 2011, as Amended June 27, 2012 ("The Plan"), filed by the Debtors. The hearing under 11 USC § 1128(a) and Bankruptcy Rule 3020(b)(2) to consider the Confirmation of said plan, after due and proper notice, was held on July 11, 2012 at 10:00 a.m. before the Hon Brian D. Lynch, U.S. Bankruptcy Judge. Appearances were entered, as indicated in the record. Capitalized terms not defined herein have the meanings ascribed to them in the Plan or in the Findings of Fact and Conclusions of Law entered concurrently herewith, unless otherwise noted.

The Court conducted the duly noticed confirmation Hearing and considered the pleadings and records on file in this case, including, among other and without limitation, the Plan, the Memorandum

FINDINGS OF FACT AND CONCLUSIONS OF LAW RE
CONFIRMATION OF DEBTORS' CHAPTER 11 PLAN, AS
AMENDED JUNE 27, 2012 - 1

JOEL G. GREEN
ATTORNEY AT LAW
501 ROY ST., #335
SEATTLE, WASHINGTON 98109-4276

in Support of Confirmation and Motion to Cramdown the Plan, arguments of counsel, and the offers of proof presented at the Confirmation Hearing. Based upon the foregoing, the Court makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

1. The Debtors, as proponents of the Plan, have complied with the notice requirements set for by the Court and the notice requirements of the Bankruptcy Code and Bankruptcy Rules with respect to the Plan and the confirmation Hearing. As set forth in the Affidavit of Service filed by the Debtors pertaining to the distribution of the Plan, notice of the Plan and the Confirmation Hearing were proper, appropriate and adequate under the circumstances to all creditors and equity security holders of the Debtors and all other interested parties.

2. The Plan reflects a manner of reorganizing the Debtors' business and obligations that complies with and is acceptable under the Bankruptcy Code.

3. The Debtors, as the Plan Proponents, have proposed the Plan in good faith and not by any means forbidden by law.

4. Because the Debtors are individuals, there will be no persons who will serve as postconfirmation directors, officers, voting trustees, or successors of the Debtors.

5. The Debtors are not subject to the jurisdiction of any rate setting regulatory authority.

6. Creditors are impaired or unimpaired as provided in the Plan.

7. Except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the Plan provides for the full payment in cash of allowed administrative expense claims on the Plan's Effective Date.

8. There are no priority claims of the kind specified in 11 USC Section 507(a).

FINDINGS OF FACT AND CONCLUSIONS OF LAW RE
CONFIRMATION OF DEBTORS' CHAPTER 11 PLAN, AS
AMENDED JUNE 27, 2012 - 2

JOEL G. GREEN
ATTORNEY AT LAW
501 ROY ST., #335
SEATTLE, WASHINGTON 98109-4276

Case 09-49455-BDL    Doc 425    Filed 07/13/12    Ent. 07/13/12 13:29:07    Pg. 2 of 8

9. At least one class of claims that is impaired under the Plan has accepted the Plan, determined without including any acceptance of the Plan by an insider.

10. The Plan provides for the assumption of certain executory contracts and leases pursuant to the provisions of 11 USC Section 365.

11. The Plan provides for payment of all fees payable under 28 USC Section 1930 in full on the Effective Date.

12. 11 USC Section 1114 is not applicable in this case.

13. The Debtors made certain amendments to the Plan pursuant to various Stipulations with certain Secured Creditors, which have been filed herein and approval of which is also sought by separate Order. The Debtors also made certain amendments to the Plan with respect to payment of outstanding real estate taxes owed to Lewis County.

14. The amendments do not adversely change the treatment of the Allowed Claim of any creditor or the interest of any equity security holder who has not accepted the modifications in writing. No subsequent solicitation is necessary as a result of the amendments.

15. As set forth in the Debtors' Ballot Summary filed herein, the following classes have accepted the Plan by the required majorities: Classes 2-9 through 2-36, 2-37, 2-41, 2-42, 2-44, 2-45, 2-47, 2-51, 2-64 through 2-70, 2-78, 2-79 and Class 6.

16. There are no Class 3, 4 or 5 Claims.

17. Class 2-6 made an election under 11 USC Section 1111(b) and the Debtors' have opted to retain the property and make payments in accordance with the Plan.

18. Classes 2-58 and 2-59 voted to reject the Plan. The Debtors and Plan Proponents requested that the Court confirm the Plan pursuant to the provisions of 11 USC Section 1129(b) notwithstanding the rejection of the Plan by Classes 2-58 and 2-59.

FINDINGS OF FACT AND CONCLUSIONS OF LAW RE CONFIRMATION OF DEBTORS' CHAPTER 11 PLAN, AS AMENDED JUNE 27, 2012 - 3

JOEL G. GREEN
ATTORNEY AT LAW
501 ROY ST., #335
SEATTLE, WASHINGTON 98109-4276

Case 09-49455-BDL    Doc 425    Filed 07/13/12    Ent. 07/13/12 13:29:07    Pg. 3 of 8

19. Adequate notice of the Debtors' request under 11 USC Section 1129(b) was given to the holders of claims in all Classes.

20. All objections to confirmation have been resolved by Stipulations for which separate Orders have been filed and for which approval is sought by this Court.

21. The Plan's provisions and the treatment of the claims in Classes 2-58 and 2-59 are fair and equitable and do not unfairly discriminate against the holders of such claims.

22. The Plan provides for full payment, together with interest at the appropriate rate, to provide each holder of a secured claim or interest with the present value of its allowed claim as of the Plan's Effective Date.

23. To the extent that an impaired Class 2 secured creditor did not vote to accept or reject the Plan, the Plan provides for full payment, together with interest at the appropriate rate, to provide each holder of a secured claim or interest with the present value of its allowed claim as of the Plan's Effective Date. The Plan's provisions and the treatment of the claims of impaired Class 2 claims that did not vote are fair and equitable and do not unfairly discriminate against the holders of such claims.

24. No creditor would receive a greater distribution under a liquidation of the Debtors under Chapter 7.

25. No other plans of reorganization are being considered for confirmation in this case.

26. No governmental entity has made a request pursuant to 11 USC Section 1129(d).

27. By the nature of their subject matter, questions of fact and law addressed in these Findings of Fact and Conclusions of Law are not always distinguishable from each other. Accordingly, to the extent that any of the above stated Findings of Fact is more properly treated as a Conclusion of Law, the same are deemed to constitute Conclusions of Law; and to the extent that any of the below

FINDINGS OF FACT AND CONCLUSIONS OF LAW RE
CONFIRMATION OF DEBTORS' CHAPTER 11 PLAN, AS
AMENDED JUNE 27, 2012 - 4

JOEL G. GREEN
ATTORNEY AT LAW
501 ROY ST., #335
SEATTLE, WASHINGTON 98109-4276

Case 09-49455-BDL    Doc 425    Filed 07/13/12    Ent. 07/13/12 13:29:07    Pg. 4 of 8

stated Conclusions of Law are more properly treated as Findings of Fact, the same are deemed to constitute Findings of Fact.

## CONCLUSIONS OF LAW

The Court has core jurisdiction over this case and the matters set forth in the Confirmation order and over all creditors, equity security holders and parties in interest pursuant to 28 USC Sections 1334 and 157, and the General Order of Reference in this District and this is a core proceeding.

1. The Plan has been accepted in writing by the Creditors and Interested holders whose acceptance is required by law.

2. All persons entitled to notice of the confirmation Hearing received such notice in a timely fashion in accordance with the prior Orders of this Court and such notice was adequate to bind all parties in interest to the terms of the Plan and the Confirmation Order.

3. Pursuant to Bankr. R. Civ. Proc. 3019 and 11 USC Section 1127, the amendments to the Plan that have occurred subsequent to solicitation are deemed accepted by all creditors and equity security holders who have previously accept the Plan and no disclosure of information solicitation of votes or voting is required with respect to those amendments.

4. The Plan complies with, and the Debtors, as Proponents, have complied with each and every applicable provision of Title 11, including the provisions of 11 USC Section 1129 and all other applicable state and federal law.

5. Pursuant to 11 USC Section 1129(a)(1) the Plan complies with the applicable provisions of the Bankruptcy Code, including 11 USC Sections 1122 and 1123.

6. The classification of claims and interest under the Plan complies with 11 USC Sections 1122 and 1123.

FINDINGS OF FACT AND CONCLUSIONS OF LAW RE
CONFIRMATION OF DEBTORS' CHAPTER 11 PLAN, AS
AMENDED JUNE 27, 2012 - 5

Joel G. Green
Attorney at Law
501 Roy St., #335
Seattle, Washington 98109-4276

7. In accordance with 11 USC Sections 1123(a)(2) and (3) the Plan specifies the impaired and unimpaired classes of claims and interests and such classification is proper.

8. Pursuant to 11 USC Section 1129(a)(2) the Proponent has complied with the applicable provisions of the Bankruptcy Code and the solicitation of votes from holders of Claims was undertaken in good fait, and, therefore, the Debtors and their professionals are entitled to the protections of 11 USC Section 1125(e).

9. Pursuant to 11 USC Section 1129(a)(3) the Plan has been proposed in good faith and not by any means forbidden by law.

10. Pursuant to 11 USC Section 1129(a)(4), all payments made or promised by the Reorganized Debtors or by a person acquiring property under the Plan or by any other person for services or for costs and expenses, or in connection with the Plan and incident to the case, have been fully disclosed to the Court and are reasonable, or if same are to be fixed after Confirmation of the Plan, they will be subject to approval of the Court.

11. Pursuant to 11 USC Section 1129(a)(5), because the Debtors are individuals, there are no persons who, after Confirmation of the Plan, are to be directors or officers of the Reorganized Debtors, and there are no insiders of the Debtors that will be employed or retained by the Reorganized Debtors.

12. Pursuant to 11 USC Section 1129(a)(6), the Debtors are not subject to the jurisdiction or any governmental regulatory rate commission of the kind described therein, such that said Section does not apply to the Plan.

13. Pursuant to 11 USC Section 1129(a)(7) all classes are impaired or unimpaired under the Plan and each holder of a claim or interest in each class under the Plan has accepted the Plan or will receive or retain property under the plan on account of such claim or interest of a value, as of the

FINDINGS OF FACT AND CONCLUSIONS OF LAW RE
CONFIRMATION OF DEBTORS' CHAPTER 11 PLAN, AS
AMENDED JUNE 27, 2012 - 6

JOEL G. GREEN
ATTORNEY AT LAW
501 ROY ST., #335
SEATTLE, WASHINGTON 98109-4276

Case 09-49455-BDL    Doc 425    Filed 07/13/12    Ent. 07/13/12 13:29:07    Pg. 6 of 8

effective Date of the Plan, that is not less than the amount that such holder would so receive or retain in the Debtors were liquidated under Chapter 7 of this Title on such date.

14. Pursuant to 11 USC Section 1129(a)(8), Classes 2-9 through 2-36, 2-37, 2-41, 2-42, 2-44, 2-45, 2-47, 2-51, 2-64 through 2-70, 2-78, 2-79 and Class 6. Other Class 2 creditors either did not vote or are not impaired by the Plan. Classes 2-58 and 2-59 rejected the Plan; Class 2-58 is impaired and Class 2-59 is not impaired.

15. Pursuant to 11 USC Section 1129(a)(9), the Plan provides for the treatment of claims of a type described in 11 USC Sections 507(a)(1-7) in the manner prescribed by Section 1129(a)(9).

16. Pursuant to 11 USC Section 1129(a)(10) at least one class of claims that is impaired under the Plan has accepted the Plan without including any insider ballots

17. Pursuant to 11 USC Section 1129(a)(11), confirmation is not likely to be followed by any further liquidation of the Debtor except as otherwise provided in the Plan.

18. Pursuant to 11 USC Section 1129(a)(12), all fees payable for the third quarter of 2012 under 18 USC Section 1930 shall be paid on the Effective Date and any fees payable under such Section payable after the Effective Date shall be paid by the Reorganized Debtors.

19. 11 USC Sections 1129(a)(13), (14) and (15) are not applicable to this case.

20. Pursuant to 11 USC Section 1129(b), all of the applicable requirements of Section 1129(a) except paragraph 8 are met with respect to Class 2-58 and all non-voting, impaired Class 2 members. Class 2-59 is not impaired and its rejection of the Plan is without effect.

21. Pursuant to 11 USC Section 1129(b), the Plan does not discriminate unfairly and is fair and equitable with respect to Class 2-58 and all non-voting, impaired Class 2 members.

22. 11 USC Sections 1129(c), (d) and (e) are not applicable to this case.

FINDINGS OF FACT AND CONCLUSIONS OF LAW RE CONFIRMATION OF DEBTORS' CHAPTER 11 PLAN, AS AMENDED JUNE 27, 2012 - 7

JOEL G. GREEN
ATTORNEY AT LAW
501 ROY ST., #335
SEATTLE, WASHINGTON 98109-4276

Case 09-49455-BDL    Doc 425    Filed 07/13/12    Ent. 07/13/12 13:29:07    Pg. 7 of 8

23. Except as expressly stated in the Pan, confirmation shall operate as a discharge of any debts and claims as defined in 11 USC Section 101(5) against the Debtors or Debtors in Possession in accordance with the provisions of 11 USC Section 1141.

24. The Court's statements during and at the conclusion of the Confirmation Hearing are

/// END OF ORDER ///

Presented by:

LAW OFFICE OF JOEL G. GREEN

By: /s/ Joel Green
    Joel G. Green, WSBA #8706
    Co-counsel for the Reorganized Debtors

FINDINGS OF FACT AND CONCLUSIONS OF LAW RE CONFIRMATION OF DEBTORS' CHAPTER 11 PLAN, AS AMENDED JUNE 27, 2012 - 8

JOEL G. GREEN
ATTORNEY AT LAW
501 ROY ST., #335
SEATTLE, WASHINGTON 98109-4276

Case 09-49455-BDL    Doc 425    Filed 07/13/12    Ent. 07/13/12 13:29:07    Pg. 8 of 8